**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

**Juan Salazar**,

Plaintiff,

v.

**Diners 4 U, LLC**, an Arizona Limited Liability Company; **Bruce Landau and Cecilia Gallagher**, a Married Couple;

Defendant.

No. ______________________

**VERIFIED COMPLAINT**

Plaintiff, Juan Salazar ("Plaintiff"), sues the Defendants, Diners 4 U, LLC, Bruce Landau and Cecilia Gallagher (collectively, "Defendants"), and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 8, and the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.



BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4. The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

## PARTIES

7. At all material times, Plaintiff is an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

8. At all material times, Defendant Diners 4 U, LLC was a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Diners 4 U, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9. Defendant Diners 4 U, LLC is an Arizona limited liability, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

10. Under the FLSA, Defendant Diners 4 U, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Diners 4 U, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Defendant Diners 4 U, LLC is subject to liability under the FLSA.

11. Defendants Bruce Landau and Cecilia Gallagher are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Bruce Landau and

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

Cecilia Gallagher are owners of Defendant Diners 4 U, LLC and were at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

12. Under the FLSA, Defendants Bruce Landau and Cecilia Gallagher are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Bruce Landau and Cecilia Gallagher are owners of Defendant Diners 4 U, LLC. At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to the company's employees, Bruce Landau and Cecilia Gallagher are subject to individual liability under the FLSA.

13. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

14. Defendants, and each of them, are sued in both their individual and corporate capacities.

15. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

16. At all relevant times, Plaintiff was an "employee" of Defendants Diners 4 U, LLC, Bruce Landau and Cecilia Gallagher as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

17. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants Diners 4 U, LLC, Bruce Landau and Cecilia Gallagher.

18. At all relevant times, Defendants Diners 4 U, LLC, Bruce Landau and Cecilia Gallagher were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

19. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants Diners 4 U, LLC, Bruce Landau and Cecilia Gallagher.

20. At all relevant times, Plaintiff was an "employee" of Defendants Diners 4 U, LLC, Bruce Landau and Cecilia Gallagher as defined by A.R.S. § 23-362.

21. At all relevant times, Defendants Diners 4 U, LLC, Bruce Landau and Cecilia Gallagher were and continue to be "employers" as defined by A.R.S. § 23-362.

22. Defendants Diners 4 U, LLC, Bruce Landau and Cecilia Gallagher individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

23. Plaintiff, in his work for Defendants Diners 4 U, LLC, Bruce Landau and Cecilia Gallagher, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

24. At all relevant times, Defendants Diners 4 U, LLC, Bruce Landau and Cecilia Gallagher, was engaged in commerce or the production of goods for commerce.

25. At all relevant times, Plaintiff, in his work for Defendants Diners 4 U, LLC, Bruce Landau and Cecilia Gallagher, was engaged in interstate commerce.

26. Plaintiff, in his work for Defendants Diners 4 U, LLC, Bruce Landau and Cecilia Gallagher, regularly handled goods produced or transported in interstate commerce.

**NATURE OF THE CLAIM**

27. Defendants own and/or operate as The Doghouse Diner, an enterprise located in Maricopa County, Arizona.

28. Plaintiff was hired by Defendants as a kitchen manager in or around May 2021 and worked for Defendants through approximately August 10, 2021.

29. Defendants, in their sole discretion, agreed to pay Plaintiff $25.00 per hour.

30. Plaintiff was generally paid by Defendants on a weekly basis on Mondays.

31. During his final week of work for Defendants, Plaintiff worked approximately 36 hours for Defendants.

32. Defendants failed to compensate Plaintiff any wages whatsoever for his final week of work for Defendants.

33. Plaintiff contacted Defendant Bruce Landau in an attempt to receive wages he is owed.

34. To date, Plaintiff has not received any wages whatsoever for the hours he spent working for Defendants.

35. Defendant Bruce Landau has acknowledged that he has not compensated Plaintiff for such hours that he spent working for Defendants.

36. Plaintiff performed approximately 36 hours of work over the course of four shifts for Defendants for which he has still not been compensated.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

37. Despite performing approximately 36 hours of work for Defendants, Defendants did not pay Plaintiff any wages whatsoever for the pay period at issue.

38. As a result of Defendants' having willfully and improperly failed to compensate Plaintiff any wage whatsoever for any of the hours Plaintiff worked for Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

39. As a result of Defendants' having willfully and improperly failed to compensate Plaintiff any wage whatsoever for the final workweek that Plaintiff worked for Defendants, Defendants violated 29 U.S.C. § 206(a).

40. As a result of Defendants' having willfully and improperly failed to compensate Plaintiff any wage whatsoever for the final workweek that Plaintiff worked for Defendants, Defendants have violated the AMWA, A.R.S. § 23-363.

41. As a result of Defendants' having willfully and improperly failed to compensate Plaintiff any wage whatsoever for the final workweek that Plaintiff worked for Defendants, Defendants have violated the AWA, A.R.S. § 23-351.

42. Defendants have and continue to violate the FLSA by not paying Plaintiff the full applicable minimum wage for all hours worked during his regular workweeks.

43. Defendants have and continue to violate the AMWA by not paying Plaintiff the full applicable minimum wage for all hours worked during his regular workweeks.

44. Defendants have and continue to violate the AWA by not paying Plaintiff all wages due and owing for all hours worked during his regular workweeks.

45. Plaintiff is a covered employee within the meaning of the FLSA.

46. Plaintiff is a covered employee within the meaning of the AMWA.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

47. Plaintiff is a covered employee within the meaning of the AWA.

48. Plaintiff was a non-exempt employee.

49. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

50. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

51. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

52. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

53. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred under A.R.S. § 23-355.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY MINIMUM WAGE**

54. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

55. Defendants willfully and improperly failed to compensate Plaintiff any wage whatsoever for any of the hours Plaintiff worked for Defendants during the final workweek of his employment.

56. As a result, Defendants failed to pay the applicable minimum wage to Plaintiff during the final workweek of his employment.

57. Defendants' practice of willfully and improperly failing to compensate Plaintiff any wage whatsoever for any of the hours Plaintiff worked for Defendants during the final workweek of his employment violated the FLSA, 29 U.S.C. § 206(a).

58. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Juan Salazar, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendant committed one of more of the following acts:

i. Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

ii. Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

**COUNT TWO: ARIZONA MINIMUM WAGE ACT**
**FAILURE TO PAY MINIMUM WAGE**

59. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

60. Defendants willfully and improperly failed to compensate Plaintiff any wage whatsoever for any of the hours Plaintiff worked for Defendants during the final workweek of his employment.

61. As a result, Defendants failed to pay the applicable minimum wage to Plaintiff during the final workweek of his employment.

62. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate during the final workweeks of his employment violates the AMWA, A.R.S. § 23-363.

63. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

**WHEREFORE**, Plaintiff, Juan Salazar, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants committed one of more of the following acts:

i. Violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

ii. Willfully violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by willfully failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

## COUNT THREE: ARIZONA WAGE ACT FAILURE TO PAY WAGES DUE AND OWING

64. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

65. As a result of the allegations contained herein, Defendants did not compensate Plaintiff wages due and owing to him.

66. Defendants engaged in such conduct in direct violation of A.R.S. § 23-350.

67. As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the final workweek he was employed by Defendants.

68. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff over the course of his employment would violate federal and state law, and Defendants were aware of the Arizona Wage Act's requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the Arizona Wage Act.

69. Plaintiff is therefore entitled to compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred.

**WHEREFORE**, Plaintiff, Juan Salazar, requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B. For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C. For the Court to award prejudgment and post-judgment interest on any damages awarded;

D. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E. Such other relief as this Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 28th Day of January, 2022.

BENDAU & BENDAU PLLC

By: /s/ *Christopher J. Bendau*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

**VERIFICATION**

Plaintiff, Juan Salazar, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and believe, and, as to those matters, he believes them to be true.

Juan salazar (Jan 28, 2022 08:55 MST)

Juan Salazar